UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS EBORKA,

        Plaintiff,

v.

                                  Case No. 25-cv-1279-bhl

MEDICAL COLLEGE OF WISCONSIN,

        Defendant.

## SCREENING ORDER

On August 25, 2025, Dennis Eborka, proceeding without an attorney, filed a handwritten complaint using the Court's form for non-prisoner *pro se* filers, alleging that Defendant Medical College of Wisconsin violated both the Due Process and Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1.) In his original complaint, he also indicated that he wished to pursue state law claims against the Medical College of Wisconsin, but he only sought $75,000 in relief. (*Id.*) With his complaint, Eborka filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.)

On September 4, 2025, and in accordance with 28 U.S.C. §1915, the Court considered Eborka's IFP motion and screened his complaint. (ECF No. 4.) It first denied Eborka's IFP motion, determining that he was not sufficiently indigent to warrant a fee waiver. (*Id.* at 1–2.) It next explained that Eborka could not pursue his Due Process and Equal Protection claims against the Medical College of Wisconsin, because it is a private school and, thus, not a state actor. (*Id.* at 3–4 (citing *L.P. v. Marian Cath. High School*, 852 F.3d 690, 696 (7th Cir. 2017)).) The Court next explained that it could not adjudicate Eborka's unknown state law claims, because the amount in controversy did not exceed $75,000. (*Id.* at 4 (citing 28 U.S.C. §1332(a)).) Nonetheless, the Court gave Eborka leave to amend, offering him the chance to explain his state law claims and what he believed the amount in controversy was. (*Id.*) It further informed Eborka that, if he wished to pursue his state law claims, he also must pay the filing fee. (*Id.*)

On September 15, 2025, Eborka ignored the Court's instruction, instead submitting an unsigned amended complaint that insists the Medical College of Wisconsin violated the Due Process and Equal Protection Clause. (ECF No. 7.) And, instead of paying the filing fee, he resubmitted the same motion for IFP. (*Compare* ECF No. 8 at 2 (signed on Aug. 14, 2025), *with* ECF No. 2 at 2 (also signed on Aug. 14, 2025).)

The Court will again deny Eborka's motion for IFP for the reason already explained to him—he is not sufficiently indigent to warrant a fee waiver. (*See* ECF No. 4 at 2–3 (citing *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)).) And the Court will again dismiss his complaint, because, as explained, he cannot pursue claims of constitutional violations against a private school. (*Id.* at 3–4 (citing *L.P.*, 852 F.3d at 696).) This time, however, Eborka will not be given leave to amend, given that he has already had a chance to amend his complaint and that he failed to follow the Court's instructions.[1] *See United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("[R]epeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Eborka's Motion for Permission to e-File, ECF No. 5, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Eborka's Complaint, ECF No. 7, is **DISMISSED with prejudice**. The Clerk is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Eborka's Second Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 8, is **DENIED**.

Dated at Milwaukee, Wisconsin on September 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] On September 4, 2025, Eborka filed a motion for permission to e-file. (ECF No. 5.) Given the case's dismissal, this motion will be denied as moot.